475 P.2d 470

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**James William HINTON, Defendant-Appellant.**

**No. 488.**

Court of Appeals of New Mexico.

Sept. 25, 1970.

Asa Kelly, Jr., Silver City, for defendant-appellant.

James A. Maloney, Atty. Gen., John A. Darden, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SPIESS, Chief Judge.

This is an appeal from a judgment denying relief pursuant to Rule 93, § 21–1–1 (93), N.M.S.A.1953 (Supp.1969). The defendant, appellant, entered a plea of guilty on the 9th day of May, 1960, to an information charging rape. He was sentenced to serve a term in the Penitentiary of New Mexico of not less than one year, nor more than ninety-nine years.

Defendant bases his right to post-conviction relief upon the allegation that his plea of guilty was induced by a promise made by the District Attorney that " * * * if he stood trial, he would get 99 years, but if he made a statement and waivered (sic) counsel, and plead guilty he would only get one to five years."

After hearing evidence presented by defendant and the person who was the District Attorney at the time defendant's plea was entered and accepted, the Court made the following findings of fact:

"The defendant's waiver of his right of counsel and of his right to a preliminary hearing was knowingly, intelligently, and voluntarily made with full knowledge of his constitutional rights and guarantees."

"The defendant's plea of guilty before Judge Vearle Payne on May 9, 1960, in the District Court of Grant County, New Mexico, was knowingly, intelligently and voluntarily made and entered with full knowledge of his right to have all of the constitutional guarantees and safeguards that were available to him and the District Attorney did not by any conduct nor statements do or say anything that would lead the defendant to believe he would receive a lighter sentence if he pleaded guilty."

The judgment dismissing the proceedings was thereupon entered, from which this appeal was prosecuted.

To detail the testimony which was presented would serve no worthwhile purpose. The record contains ample evidence to sustain the findings of the trial judge and support the judgment.

The judgment should be affirmed.

It is so ordered

OMAN and WOOD, JJ., concur.